IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aryee Henderson, a/k/a Aryee Henderson #59105, | C/A No.: 4:23-cv-5280-SAL-TER |
| Plaintiff, | |
| v. | **ORDER** |
| Nurse Scott; Nurse Gregg, | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983 on October 23, 2023, alleging violations of his constitutional rights by Defendants Nurse Scott and Nurse Gregg. *See* ECF No. 1. On January 17, 2024, Defendant Scott filed a motion to dismiss for failure to state a claim. [ECF No. 20.] The court issued a *Roseboro* order advising Plaintiff that if he did not respond adequately to the motion, then the court could grant Defendant's motions, which could end the case. [ECF No. 22.] Plaintiff was also advised that his deadline to respond to the motion to dismiss was February 20, 2024.

No response was filed, and on March 5, 2024, United States Magistrate Judge Thomas E. Rogers, III, issued a Report and Recommendation ("Report"), in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that the action against Defendant Scott be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to respond. [ECF No. 27.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [ECF No. 27-1.] Defendant was told his objections were due by March 19, 2024.

1

In a motion dated February 25, 2024, stamped March 6, 2024 by the Lee Correctional Institution mail room, and mailed March 6, 2024, Plaintiff requested a twenty-one day extension to file a response to Defendant Scott's motion to dismiss. [ECF No. 29.] Within his motion, Plaintiff indicated he was in a restrictive housing unit with no access to the law library or legal materials. The court received the motion for an extension of time on March 8, 2024, two days after the Report issued. On that same day, the court received Plaintiff's response in opposition to Defendant Scott's motion to dismiss. [ECF No. 30.]

On March 15, 2024, the court received Plaintiff's objections to the Report. [ECF No. 32.] In his objections, Plaintiff again references the lockdowns and restrictions where he is currently housed. He points out that he has filed his response in opposition to Defendant's motion to dismiss, and he promises to be more diligent in responding to the court's orders in the future.

On March 15, 2024, Defendant Scott filed a reply to the motion to dismiss. [ECF No. 35.] And, on March 28, 2024, Defendant Scott replied to Plaintiff's objections to the Report. [ECF No. 36.] On April 12, 2024, Plaintiff filed a surreply to Defendant's reply to his objections. [ECF No. 37.] Days later, the court received a motion by Defendant to supplement his objections. [ECF Nos. 38, 39.]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

2

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Having thoroughly reviewed the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds it appropriate to grant Defendant's motion for an extension of time to respond to the motion to dismiss, ECF No. 29, and accept his response, ECF No. 30. Although Plaintiff's response to the motion to dismiss was not timely, the court excuses the untimeliness in this instance. Thus, the court sustains Plaintiff's objection to the ultimate recommendation in the Report.[1] The court does not accept the Report, ECF No. 27, and this matter is recommitted to the magistrate judge for a recommendation on Defendant Scott's motion to dismiss, ECF No. 20.

**IT IS SO ORDERED.**

*Sherri A. Lydon*

April 19, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[1] The court also grants Plaintiff's motion to supplement his objections to the Report. [ECF No. 38.]

3