IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Aryee Henderson,<br><br>                    Plaintiff,<br><br>v.<br><br> Nurse Scott,<br><br>                    Defendant. | Case No. 4:23-cv-5280-SAL<br><br><br>**ORDER** |

The matter is before the court on United States Magistrate Judge Thomas E. Rogers, III's Report and Recommendation (the "Report") recommending the court grant summary judgment to Defendant Nurse Gregory Scott. [ECF No. 128.] For the reasons below, the court adopts the Report, ECF No. 128, in full.

## BACKGROUND

Plaintiff Henderson is currently incarcerated with the South Carolina Department of Corrections ("SCDC") and housed at the Lee Correctional Institution ("Lee CI"). His claims against Nurse Scott arise out of events on April 8, 2023, while he was on lockdown in his general population cell at Lee CI. *See* ECF No. 1-1 at 2. At that time, Scott was employed as a licensed practical nurse ("LPN") by ShareStaff, LLC, a contractor that provides medical personnel to SCDC. [ECF No. 99-2.]

According to Henderson, around 9:00 a.m., Nurse Scott went to the F-1 B-wing to distribute the morning medications. [ECF No. 1-1 at 2.] When Scott reached Henderson's cell, Henderson immediately swallowed a handful of pills and stated he was "feeling suicidal/homicidal." *Id.* Henderson further claims Scott stated, "'there was nothing he could do

1

about it' and he walked off to continue passing out pill-line medication." *Id.* Henderson alleges that "5 to 10 minutes later" Sergeant Belton, an officer on the B wing, approached his cell and asked what was wrong. *Id.* Henderson repeated that he was suicidal/homicidal, but Belton allegedly dismissed his statement, claiming Henderson simply wanted to be removed from his cell. *Id.* Henderson contends no medical personnel followed up and that, to his knowledge, no report was made to a doctor, nurse or mental health official. *Id.*

In his affidavit, Scott recalls a similar interaction:

> On one instance, Mr. Henderson called me to his cell while I was making rounds to administer medication to inmates. He showed me pills that were in his hand. He said he was feeling suicidal and homicidal, that he was going to swallow the pills, and that I "had to let somebody know." Mr. Henderson put the pills to his mouth and turned so that his back was facing me. I could not see whether he actually swallowed the pills.

[ECF No. 99-2 at 1–2.] Scott states he immediately notified both the officer on duty and the charge nurse. *Id.* at 2.

Later that day, at approximately 4:30 p.m., Scott returned with Sergeant Belton to distribute evening medications. *Id.* at 3. Henderson again reported feeling suicidal/homicidal but claims they ignored him and failed to alert medical personnel. *Id.* He alleges that after ingesting the pills, he experienced nausea, vomiting, stomach cramps, headaches, and chest pain. *Id.*

Henderson brings a claim against Nurse Scott for deliberate indifference under the Eighth Amendment, seeking monetary damages and injunctive relief, including: (1) assignment at the Columbia Regional Care Center, Just Care, for the remainder of his sentence; (2) to be seen by a QMHP every thirty days; and (3) assignment to a "psych doctor" to help with his individual treatment plan. *See generally* ECF No. 1; ECF No. 1-1. Gregg moved for summary judgment,

which Henderson opposes. *See* generally ECF No. 99, 115, 117, 123. These matters are fully briefed and ripe for resolution by the court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[a]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S.

3

319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge recommends the court grant Scott's motion and dismiss Henderson's claims because, even when the evidence is viewed in the light most favorable to Henderson, it cannot support his claim against Scott. *See* ECF No. 128 at 7–11. Henderson objects, arguing he has shown deliberate indifference, and Scott never produced any documentation supporting his statement that he reported Henderson swallowing a handful of pills. *See generally* ECF No. 130 at 1–4. After carefully reviewing the Report, the record, and Henderson's objections, the court overrules the objections and adopts the Report in full for the reasons below.

**I.      Eighth Amendment Standard**

The Eighth Amendment requires prison officials to provide medical care to incarcerated individuals. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). That said, a prison official violates the Eighth Amendment only when the prison official is "deliberately indifferent" to a serious medical need. *Id.* at 105. "Mere negligence" is insufficient to establish deliberate indifference. *Stevens v. Holler*, 68 F.4th 921, 933 (4th Cir. 2023) (quoting *Estelle*, 429 U.S. at 103–04). Instead, the conduct "'must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness.'" *Id.* (quoting *Miltier v. Beorn*, 896 F.2d 841, 851 (4th Cir. 1990), *overruled on other grounds Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124 (4th Cir. 2020)).

An inmate must satisfy two requirements to establish a deliberate indifference claim: he must show (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation marks omitted). This requires the inmate to make an *objective* showing of a serious medical need and a *subjective* showing that the defendant was deliberately indifferent to that medical need. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017) (quoting *Iko*, 535 F.3d at 241).

Showing the prison official had a culpable state of mind, on the other hand, requires the inmate to meet a "very high standard," and "a showing of mere negligence will not meet it." *Young v. City of Mount Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001) (internal citation and quotation marks omitted). Rather, the inmate must "show[] that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." *Id.* at 576. Put differently, the inmate must show "either actual intent or reckless disregard," and that the defendant's actions are so "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable fundamental fairness." *Aten v. Richland Ctny.*, Case No. 5:16-cv-03614-PMD-KDW, 2018 WL 4560572, at *6 (D.S.C. July 3, 2018), *report and recommendation adopted*, 2018 WL 4109608 (D.S.C. Aug. 29, 2018), *aff'd sub nom Aten v. Wiggins*, 839 F. App'x 798 (4th Cir. 2021).

## II.    Analysis

Assuming Henderson's ingestion of pills constituted a serious medical need, the court finds no evidence of deliberate indifference by Scott. According to his affidavit, Scott promptly notified both the officer on duty and his charge nurse. *See* ECF No. 99-2 at 2. Henderson's verified complaint states he "assume[d]" Scott notified no one. [ECF No. 1-1 at 2.] But he also admits that shortly after Scott left, Sergeant Belton came to his cell and asked him what was wrong. *Id.*

Henderson argues the court may not credit Scott's evidence at the summary judgment stage. [ECF No. 130.]  That said, where there is no material dispute and the nonmoving party fails to present evidence, the court may accept the moving party's uncontroverted evidence. *See Harrington v. Ray*, Civil Action No. 4:19-cv-0689-DCC-TER, 2019 WL 7900142, at *2 (D.S.C. Oct. 18, 2019) ("Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial." (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986))).

Henderson further objects that Scott's statement is uncorroborated.[1] [ECF No. 130 at 8–11.] But corroboration is not required. Scott submitted an affidavit under penalty of perjury, and Henderson provides only speculative, conclusory assertions to the contrary. His verified

---

[1] Henderson made a substantially similar claim against another nurse, Nurse Gregg. As alleged by Henderson, one or two days after he swallowed a handful of pills in front of Nurse Scott, he did something similar in front of Nurse Gregg, showing her a handful of pills and then stating he felt suicidal/homicidal. *See* ECF No. 1-1 at 5–6. Nurse Gregg also presented an affidavit where she stated she reported Henderson's actions to staff and the charge nurse, but she also provided SCDC records to corroborate her account. *See* ECF No. 124 at 2. While such corroboration is helpful, Scott need not succeed in his summary judgment motion.

complaint, in fact, supports Scott's account to some extent by confirming Sgt. Belton responded shortly after the alleged incident. *See* ECF No. 1-1 at 2.

Henderson also claims he was denied the opportunity to conduct further discovery. [ECF No. 130 at 8–9.] The record shows discovery was open until April 1, 2024, and Henderson was denied an extension only after failing to demonstrate diligence. *See* ECF Nos. 25, 66, 86, 124. Thus, the claim he lacked access to legal resources is not credible.

Even construing the evidence in the light most favorable to Henderson, at most, Scott may have been negligent—not deliberately indifferent. As noted above, the subjective component of the court's analysis "sets a particularly high bar to recovery," as "[a]n officer is deliberately indifferent only when [s]he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." *Iko*, 535 F.3d 241 (citing *Brennan*, 511 U.S. at 837); *see also Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987) (stating the "relevant question" is whether the plaintiff alleges the defendant "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . ."). Henderson's evidence does not meet this high bar.

Henderson also claims to have suffered various physical symptoms after ingesting the pills. *See* ECF No. 1-1 at 3. But he does not allege any serious, lasting injury. And even if he had, the dispositive issue here is whether Scott's response—or lack thereof—constituted deliberate indifference, which the evidence does not support.

Finally, Henderson seeks injunctive relief that Scott cannot grant. As an LPN employed by a private contractor, Scott lacks the authority to control Plaintiff's housing or medical care

assignments. *See* ECF No. 128 at 11. Henderson does not dispute this conclusion, and the court adopts it without further explanation.

For these reasons, and after thoroughly reviewing and considering the briefing, the Report, and Henderson's objections, and having construed the evidence in the light most favorable to Henderson, the court concludes there is no genuine issue that Scott acted with deliberate indifference to any serious medical need of Henderson's. The court thus overrules Henderson's objections and adopts the Report in full and dismisses Henderson's claim against Scott.

## CONCLUSION

After thoroughly considering the parties' briefing, the Report, Henderson's objections to the Report, and the applicable law, the court overrules Henderson's objections to the Report and adopts the Report, ECF No. 128, in full. The court thus **GRANTS** Scott's motion for summary judgment, ECF No. 99, and dismisses Henderson's claims.

**IT IS SO ORDERED.**

May 19, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge